UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-5 MIGUEL VALLE NUNEZ,

        Defendant.
_____/

Case No. 11-cr-20537
Hon. Mark A. Goldsmith

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE (Dkt. 293)

This matter is before the Court on Defendant Miguel Valle Nunez's motion for retroactive application of sentencing guidelines pursuant to 18 U.S.C. § 3582 (Dkt. 293). On November 5, 2013, Valle Nunez was sentenced to 96 months' imprisonment for conspiracy to possess with intent to distribute and to distribute heroin, 21 U.S.C. §§ 841(b)(1)(A)(i) and 846. See Judgment (Dkt. 186). Following retroactive amendments to the sentencing guidelines, Valle Nunez was re-sentenced in 2015 to 87 months' imprisonment. See Amended Judgment (Dkt. 275). Valle Nunez then filed the instant motion, requesting a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

18 U.S.C. § 3582(c)(2) permits a court to modify a term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the U.S. Sentencing Commission. In 2015, Valle Nunez and the Government stipulated to and made a recommendation for a reduction in Valle Nunez's sentence due to the retroactive application of Amendment 782,[1] which reduced by two levels the offense

---

[1] The stipulation filed by the parties refers to Amendment 752. This appears to be in error, as Amendment 782 concerns offense levels for drug quantities – which is clearly applicable to the

1

levels assigned to drug quantities. Valle Nunez's offense level was reduced from 31 to 29, which changed his sentencing guideline range from 108-135 months to 87-108 months. See Stipulation (Dkt. 274). Judge O'Meara subsequently reduced Valle Nunez's sentence to 87 months' imprisonment.

Valle Nunez has now again requested a reduction, referencing "the retroactive drugs-minus-two guideline amendment." Def. Mot. at PageID.1128 (Dkt. 293).[2] Valle Nunez does not explain any additional basis for a reduction based on Amendment 782, and his sentence of 87 months is already the lowest sentence under the current version of the Guidelines. See U.S. Sentencing Guidelines § b(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under" the guideline range that would have been applicable to the defendant if the amendment was in effect at the time the defendant was sentenced). Nor does Valle Nunez point to any other guideline amendment that could apply to further reduce his sentence.

Accordingly, Defendant Valle Nunez's motion for retroactive application of sentencing guidelines pursuant to 18 U.S.C. § 3582 (Dkt. 293) is denied.

SO ORDERED.

Dated: May 30, 2018                   s/Mark A. Goldsmith
  Detroit, Michigan                 MARK A. GOLDSMITH
                                              United States District Judge

---

instant case – and Amendment 752 concerns a defendant convicted of an offense involving the willful failure to pay court-ordered child support.

[2] It is possible that Valle Nunez was unaware of the reduction ordered by Judge O'Meara; his motion requests that "the previously imposed sentence of 96 months be reduced." Def. Mot. at PageID.1127 (emphasis added).

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 30, 2018.

                                            s/Karri Sandusky
                                            Case Manager